IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:11CV175-RLV
5:11CV43-RLV

| | |
|---|---|
| STATE OF NORTH CAROLINA ) | |
| ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| ARTHUR H. NORTHRUP, JR., ) | |
| Defendant. ) | |
| _____ ) | |

**THIS MATTER** is before the Court upon the movant's application to proceed in forma pauperis, filed December 1, 2011. (Document #2) The movant, Arthur H. Northrup, Jr. ("Northrup"), is a *pro se* litigant seeking to remove state court criminal proceedings in Iredell County District Court to this federal district court. (*See North Carolina v. Northrup* / Iredell County Nos.: 2010-CR709983; 2011-CR-056597).

In a previous case, Northrup attempted "removal" of state charges for Driving While License Is Revoked, N.C. Gen. Stat. § 20-28(A), and a seatbelt violation, N.C. Gen. Stat. § 20-135.2A. (*See State of North Carolina v. Northrup* / 5:11CV43-RLV). Upon initial review pursuant to 28 U.S.C. §1915(e)(2), the undersigned determined that Northrup's action was not properly before the Court in that the end result sought by Northrup might undermine the state criminal proceedings. (Document #7)

Northrup appealed the Court's ruling to the Fourth Circuit Court of Appeals. (4th Cir. COA No.: 11-1883 / characterized as an appeal challenging the "Constitutionality of State Statutes"). In an unpublished opinion issued January 5, 2012, the Fourth Circuit agreed that jurisdiction was

lacking, but remanded the case for issuance of an Order of Remand to the state court.[1] (Document #14)

Despite the disposition in 5:11CV43-RLV, Northrup has sought to file an identical civil action in this Western District.[2] The Court lacks subject matter jurisdiction over this action as well. Referring to his two "removal actions" in the federal court, Northrup expressly states in his latest filing that "the issues in both actions are virtually identical." (Notice of Removal at 4) Northrup also suggests that at least one of his state cases remains open or pending.[3] (Notice of Removal at 6) Thus, for the same reasons previously set forth, as well as the fact that Plaintiff's action is not removable, 28 U.S.C. § 1446, remand is required in both instances.[4] *See* Northrup v. State of North Carolina, 2012 WL 19807 (4th Cir.2012) (*unpublished*) (*citing* 28 U.S.C. § 1446(c)(3),(4), and §1447(c) (2006); Hunt v. Lamb, 427 F.3d 725, 727 (10th Cir. 2005) ("To the extent that [plaintiff] sought removal to vindicate his civil and constitutional rights, remand was still required.")).

**IT IS, THEREFORE, ORDERED:**

1. Plaintiff's action(s) are hereby **REMANDED** to the State of North Carolina, Iredell County Court. The Deputy Clerk shall take the necessary steps to notify the Iredell County

---

[1] The mandate in this case issued January 27, 2012.

[2] Northrup alluded to a new civil action in his previous NOTICE OF REMOVAL. Northrup expressed his intent to "prove the allegations in *a new civil case he is preparing* for actions taken "under color of state law" in the case being removed." (5:11CV43-RLV / Notice at 4 n. 5) (*emphasis provided*).

[3] Northrup explains that "the first appearance in 11-CR-056597 was 18 November 2011, at which time local attorney Kenneth Holmes was appointed. The next scheduled State court appearance is 1 December 2011 ...." (Notice of Removal, 6)

[4] *See* Younger v. Harris, 401 U.S. 37, 44 (1971) (as a general rule, federal district courts are not authorized to interfere with a state's pending criminal proceedings); and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476-82 (1983), Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); 28 U.S.C. §1738 (federal court must accord full faith and credit to state court judgment).

Clerk of Court of the remand, including preparing a certified copy of the instant Order of Remand and sending it to the Clerk of the State Court in accordance with 28 U.S.C. §1447(c); and

2. Defendant's Application To Proceed *In Forma Pauperis* in 5:11CV175-RLV is hereby **DENIED AS MOOT**.

Signed: February 13, 2012

Richard L. Voorhees
United States District Judge